IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 118-022 |
| | * | |
| HOLLIE NICOLE ROBERTS | * | |

O R D E R

On November 5, 2020, Defendant Hollie Nicole Roberts filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have a serious medical condition that makes her a more serious health risk in the present circumstances of the COVID-19 pandemic. She also states that her minor daughter needs a primary caregiver. The Government opposes the motion.

The "compassionate release" provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing Policy Statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other

person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category.[2] The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Here, Defendant claims that her severe obesity during the COVID-19 pandemic presents a serious medical condition because it is listed by the Centers for Disease Control ("CDC") as a significant risk

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). Defendant argues at great length that the First Step Act now allows a federal district court discretion to grant compassionate release for any reason it finds extraordinary and compelling through the catch-all category. While there is a split of authority on the issue, the Court adheres to its conclusion that the Policy Statement of U.S.S.G. § 1B1.13 remains valid and applicable as written, requiring the recommendation of the Director of the Bureau of Prisons for the catch-all category.

[2] While Defendant mentions the need to be a primary caregiver to her minor child, she fails to present evidence of the "death or incapacitation of the [current] caregiver" as required by the Policy Statement. See U.S.S.G. § 1B1.13 n.1(C)(i).

2

factor that places her "at increased risk of severe illness from the virus that causes COVID-19." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on November 30, 2020). That is, while Defendant's obesity in and of itself does not satisfy the criteria for a serious medical condition, should she contract COVID-19, it may substantially diminish her ability for self-care in the prison setting.

The Government concedes that Defendant's obesity qualifies as a serious medical condition during the COVID-19 pandemic. (See Gov't Resp. in Opp'n, Doc. No. 33, at 18.) This conclusion is a closer call for the Court in that it appears that Defendant is receiving regular and appropriate medical care. (See generally id., Ex. B.) Moreover, in consideration of the BOP's response to the COVID-19 pandemic generally and the status within Defendant's facility particularly,[3] it is not readily apparent that this Defendant is uniquely positioned to be so adversely affected by COVID-19 that her release is warranted.

The Court need not definitively determine whether Defendant suffers from a serious medical condition because prior to ordering

---

[3] The BOP reports that FCI Aliceville currently has active COVID cases in 10 inmates and 8 staff members; 41 inmates and 10 staff members have recovered from COVID. See www.bop.gov/coronavirus (last visited on November 30, 2020).

3

release, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  In Defendant's case, these factors weigh against her release in light of the nature and circumstances of her offense and her criminal history. In particular, when Defendant's vehicle was searched incident to arrest, a firearm was located, and she was charged with possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).  Pursuant to her plea agreement, the Government dismissed the firearm charge, and Defendant was spared a potential consecutive five-year mandatory sentence.  As it is, Defendant has four years remaining on her sentence; early termination of her sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.  Thus, the Court will not exercise its discretion to release Defendant even if she qualified for release under the compassionate release provision.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 32) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of December, 2020.

_/s/ Dudley H. Bowen_
UNITED STATES DISTRICT JUDGE